UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KRISTOPHER MONTERROSO,

Plaintiff,

v.

MATTHEW PURDY,

Defendant.

Case No.:  20-CV-255-CAB-BGS

**ORDER GRANTING MOTION TO DISMISS**

[Doc. No. 15]

    This matter is before the Court on Defendant Matthew Purdy's motion to dismiss the third amended complaint.  The motion has been fully briefed, and the Court deems it suitable for submission without oral argument.  For the following reasons, the motion is granted, and the third amended complaint is dismissed with prejudice.

## I.   Background

    Plaintiff Kristopher Monterroso initiated this lawsuit by filing a pro se complaint against the City of San Diego in San Diego County Superior Court on August 2, 2019. [Doc. No. 1-2 at 2.]  On October 10, 2019, Plaintiff filed an amended complaint in state court.  [Doc. No. 1-2 at 12.]  On January 3, 2020, Plaintiff filed a second amended complaint that named only Matthew Purdy as the defendant and purported to state a claim under 42 U.S.C. § 1983.  [Doc. No. 1-2 at 37-41.]  On January 14, 2020, Plaintiff amended

his second amended complaint to add the San Diego Police Department as a defendant. [Doc. No. 1-2 at 43.]  The City of San Diego then removed the case to this Court on February 11, 2020.  [Doc. No. 1.]

On February 18, 2020, the City moved to dismiss the second amended complaint. [Doc. No. 4.]  On March 10, 2020, counsel entered an appearance on behalf of Plaintiff [Doc. No. 7], and on March 30, 2020, Plaintiff, through counsel, filed a third amended complaint (the "TAC"), which is now the operative complaint in this action.  [Doc. No. 10.]  The TAC names Matthew Purdy and the City of San Diego as defendants in the caption, but states in a footnote that the City is not a proper party to this action.  [*Id.* at 2.] On March 31, 2020, Plaintiff dismissed the City and the San Diego Policy Department with prejudice. [Doc. No. 13.] Purdy now moves to dismiss the TAC.

According to paragraph 6 of the TAC:

> On August 3, 2018, Plaintiff was involved in a minor vehicle accident with another driver.  No one was hurt and the property damage was minimal. Plaintiff's four year old son was in the car.  Based upon a call from the other motorist, PURDY responded to the scene.  During questioning, PURDY came to believe Plaintiff was driving under the influence.  Plaintiff told PURDY he has combat related PTSD and was having a post-accident anxiety attack. PURDY requested Plaintiff perform a field sobriety test.  Plaintiff responded he could not pass due to mental and physical handicaps.  PURDY, who claimed to be a drug recognition expert and had specialized training to recognize those who are under the influence, then conducted field sobriety tests on Plaintiff an [sic] uneven part of should of the road.  Plaintiff allegedly failed and was handcuffed.

[Doc. No. 10 at ¶ 6.] Purdy also performed a PAS breathalyzer test, and the results were .00%.  [*Id.*] at ¶ 7.]  Purdy then arrested Plaintiff on suspicion of driving under the influence of drugs and transported him to county jail.  [*Id.*]  "While being transported to jail, Plaintiff was subjected to a non-consensual forced blood draw." [*Id.*]  "5 days later the blood results were released and only found micro-traces of remeron and sonata, none of which impaired Plaintiff's ability to drive."  [*Id.* at ¶ 9.]

Plaintiff was arraigned on August 6, 2018, and charged with felony child abuse and misdemeanor driving under the influence. [*Id.* at ¶ 10.] He remained incarcerated until August 16, 2018. [*Id.* at ¶ 11.] On November 1, 2018, the felony child abuse charge was reduced to a misdemeanor, and on November 20, 2018, he was admitted to military diversion without entering a plea or admission to the charges. [*Id.* at ¶¶ 12-13.]

Based on these allegations, the TAC asserts one claim under 42 U.S.C. § 1983 for unreasonable seizure in violation of the Fourth Amendment to the Constitution. According to the TAC, Purdy did not have probable cause to arrest Plaintiff because the field sobriety test was performed satisfactorily, Plaintiff's time estimate was within 2 seconds of a 30 second count, his pupil size was normal, the reaction of his eyes to light was normal, and his one-legged stand on his right leg was normal. [*Id.* at ¶ 16.]

Purdy moves to dismiss the TAC based on qualified immunity. In the alternative, Purdy moves to strike various allegations from the TAC.

## II. Legal Standards

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive

of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### III.   Discussion

Purdy's sole argument for dismissal of the complaint is that he is entitled to qualified immunity from Plaintiff's claim for unreasonable seizure.   "Qualified immunity shields government actors from civil liability under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).[1]  It "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mueller v. Auker*, 576 F.3d 979, 992 (9th Cir. 2009) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  Because qualified immunity "is 'an *immunity from suit* rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'" *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (*emphasis* in original).  To that end, the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

---

[1] The doctrine of qualified immunity has been criticized, justifiably, as protecting "all officers, no matter how egregious their conduct, if the law they broke was not 'clearly established.'" *Jamison v. McClendon*, No. 3:16-CV-595-CWR-LRA, 2020 WL 4497723, at *13, *17, *26 (S.D. Miss. Aug. 4, 2020) (citing "numerous critiques of qualified immunity by lawyers, judges, and academics" and noting that "[f]rom TikTok to the chambers of the Supreme Court, there is increasing consensus that qualified immunity poses a major problem to our system of justice").  As described in the TAC, however, Purdy's behavior was not egregious, making the analysis and application of qualified immunity more consistent with the origins of the doctrine rather than compelled by the Supreme Court's more recent expansion of it.  *See id.* at *12 (noting that recent precedent demonstrates that the Court has "dispensed with any pretense of balancing competing values" when shielding officers from liability based on qualified immunity).

To determine whether Purdy is immune from suit, the court must consider "whether his conduct violated a constitutional right, and if so, whether that right was clearly established at the time of the event in question." *Mueller*, 576 F.3d at 993 (citing *Saucier v. Katz*, 533 U.S. 194, 206 (2001)).  District courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

Here, the Court needs only to consider the first prong to determine that Purdy has qualified immunity.  Plaintiff alleges that Purdy violated his Fourth Amendment right to be free from unreasonable seizures when Purdy arrested Plaintiff.  "[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment, [however,] where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  Thus, assuming the truth of the allegations in the TAC, if Purdy had probable cause to arrest Plaintiff, Purdy did not violate Plaintiff's Fourth Amendment rights and is entitled to qualified immunity.

Based on the allegations in paragraph 6 of the TAC alone, Purdy had probable cause to arrest Plaintiff for driving under the influence of drugs.  "Probable cause exists where the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed." *Stoot v. City of Everett*, 582 F.3d 910, 918 (9th Cir. 2009) (citing *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949)).  Here, Plaintiff was driving a car that was involved in an accident.  The other driver felt it necessary to involve the police.  Purdy, who arrived at the scene and is a drug recognition expert with specialized training to recognize individuals under the influence, came to believe that Plaintiff was under the influence of alcohol or drugs during his questioning of Plaintiff.  Plaintiff then failed field sobriety tests.  These facts, all of which were alleged in the TAC, gave Purdy probable cause to arrest Plaintiff. *See generally Okpoti v. Las Vegas Metro. Police Dep't on behalf of Nevada*, 712 F. App'x 671, 672 (9th Cir. 2018) (holding that police officer had probable cause to arrest the

plaintiff for driving under the influence based on Plaintiff's "driving behavior, field sobriety tests, and appearance, and [reliance] on the Drug Recognition Expert's field evaluation . . . .).

Plaintiff's alternate explanations for his behavior and for his failure of the field sobriety tests are not sufficient to avoid dismissal. Purdy was entitled to "draw on [his] own experience and specialized training to make inferences from and deductions about the cumulative information available to [him] that might well elude an untrained person." *Hart v. Parks*, 450 F.3d 1059, 1067 (9th Cir. 2006) (internal quotation marks and citation omitted). That other inferences could be drawn from the circumstances does not mean Purdy did not have probable cause. *See generally McKay v. Morris*, 438 F. App'x 631, 633 (9th Cir. 2011) (citing *Hart* for the proposition that the existence of "alternative, reasonable explanations for what the arresting officer observed . . . does not defeat probable cause"); *cf. Hunter*, 502 U.S. at 537 ("[T]he court should ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed five years after the fact."). The TAC alleges that Purdy had experience and training as a drug recognition expert. Purdy was entitled to draw upon this training to make inferences that Plaintiff was under the influence of drugs based on Plaintiff's behavior and failure of the field sobriety tests.

Accordingly, because the allegations in the TAC demonstrate that Purdy had probable cause to arrest Plaintiff, Purdy did not violate Plaintiff's Fourth Amendment rights. Purdy is entitled to qualified immunity.

## IV.   Conclusion

Based on the allegations in the TAC alone, Purdy had probable cause to arrest Plaintiff. As a result, Purdy did not violate Plaintiff's Fourth Amendment rights and is entitled to qualified immunity. Accordingly, the motion to dismiss is **GRANTED**.

Plaintiff has already amended his complaint at least three times, and no additional allegations could change the conclusion, based on the current allegations in the TAC, that

Purdy had probable cause for arrest, making any further amendment futile.  This case is therefore **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated:  September 17, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge